## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| ATIF N. RANA on behalf of himself and the classes defined below, | ) ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) |
| MARCETT, INC. d/b/a RELIABLE BACKGROUND SCREENING, | ) ) ) ) |
| Defendant. | ) |

### COMPLAINT – CLASS ACTION

### INTRODUCTION

1. Plaintiff, Atif N. Rana, brings this action to secure redress from the consumer credit reporting practices of Defendant Marcett, Inc. Plaintiff alleges violations of the Fair Credit Reporting Act, 15 USC §1681 *et seq.* ("FCRA").

2. In order to protect consumers from losing employment opportunities based on inaccurate credit reports, the FCRA requires companies to follow reasonable procedures to assure maximum possible accuracy of consumers' background reports that are sent to potential employers.

3. Marcett did not maintain reasonable procedures to ensure the maximum possible accuracy of the information contained in consumer reports that it provided to prospective employers, in violation of 15 U.S.C. § 1681e(b). It also reported public record information to employers without informing consumers that such information was being reported and without maintaining strict procedures to assure that the public information that it reported was complete and up to date, in violation of 15 U.S.C. § 1681k.

4. Plaintiff brings this action to secure redress for Marcett, Inc.'s violations of 15 U.S.C. §§1681 *et seq.* Plaintiff seeks actual damages, statutory damages, attorney fees and costs.

### JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1337, and 15 U.S.C. § 1681p.

6. Venue in this district is proper because defendant does business here.

## PARTIES

7. Plaintiff Atif N. Rana is a resident of this district and is a consumer as defined by the FCRA, 15 U.S.C. §1681a(c).

8. Defendant Marcett, Inc. is a for profit company that provides background checks on employers' potential employees. It is an Arizona corporation headquartered in Scottsdale, Arizona.

9. Defendant Marcett, Inc. uses the trade name Reliable Background Screening.

10. Defendant Marcett, Inc. ("Reliable Background") is a consumer reporting agency as contemplated by the FCRA, 15 U.S.C.§ 1681, *et seq*

## FACTS

11. On Feb 15, 2011, plaintiff received an e-mail from Jim Caldwell, the Midwestern Regional Director with College Admissions Assistance (a college admissions counseling company), ("CAA") to set up a job interview.

12. On March 8, 2011, plaintiff met with Mr. Caldwell for a job interview. After the interview and on that same day, Mr. Caldwell sent an e-mail to plaintiff attaching paperwork for the position and he confirm that plaintiff is ready to move forward with the training materials.

13. As part of its ordinary and regular business practices, CAA uses consumer reports to determine the eligibility of applicants for employment. According to CAA's website, every applicant is screened and must pass a background report.

14. The background check constituted a "consumer report" for purposes of the FCRA.

15. CAA obtained and used Mr. Rana's consumer report for employment purposes from Reliable Background.

16. The consumer report furnished by Reliable Background was false and inaccurate and included inaccurate criminal reporting from 1997.

17. In reliance on the false criminal reporting contained in the consumer report, CAA rejected Mr. Rana's application for employment.

18. Notwithstanding the clear and unambiguous requirements of the FCRA, Reliable Background failed to follow procedures to assure the maximum possible accuracy of the consumer report under 15 U.S.C. § 1681e(b).

19. Mr. Rana has suffered actual damages as a result of these events. He has lost employment, as he was previously offered the job position contingent upon the background search.

## **CLASS ALLEGATIONS AS TO RELIABLE BACKGROUND**

20. Reliable Background failed to (1) notify the consumer ... that public record information is being reported ... together with the name and address of the person to whom such information is being reported; or (2) maintain strict procedures designed to insure that whenever public record information which is likely to have an adverse effect on a consumer's ability to obtain employment is reported it is complete and up to date.

21. This action is brought as a class action on behalf the following class of individuals, which class arises under 15 U.S.C. § 1681k and consists of

   a. All natural persons residing in the United States or its territories

   b. Who were the subject of a background check prepared by Reliable Background

   c. Who Reliable Background failed to notify of the fact that it was issuing such a report containing public record information at the time that it issued the report.

   d. During the two years preceding the filing of this Complaint until 20 days after the filing of this Complaint.

22. Reliable Background has engaged in this conduct in relation to a large number of persons; consequently the prospective class meet the "numerosity" requirements of a class action under Rule 23.

23. Class counsel will likely obtain the names and addresses of the putative Class members through documents maintained by Reliable Background or the employers to whom Reliable Background furnished those reports; consequently the parties and the Court can identify the prospective class members.

24. Mr. Rana asserts claims under the same legal and remedial theories as those as those of the prospective class members; consequently, this case meets the "typicality" requirements of a class action under Rule 23.

25. Mr. Rana's case presents issues common to those of the class members:

a. whether Reliable Background furnished credit reports of the class members to potential employers without notifying the class members that public record information was being reported along with the name and address to whom the information was being reported; and

b. whether Reliable Background follows reasonable procedures to assure maximum possible accuracy of the information contained in its consumer reports furnished to employers for background checks/hiring purposes.

26. These common issues of law and fact predominate over any questions affecting an individual member; consequently this case meets the "commonality" and "predominance" requirements for class actions under Rule 23.

27. Mr. Rana will fairly and adequately represent the interests of the putative class.

28. Because he has asserted the same types of claims as those of the class members, Mr. Rana's interests coincide with those of the prospective class members who he seeks to represent.

29. Mr. Rana has retained competent and experienced counsel in such litigation; consequently, Mr. Rana is an "adequate" class representative under Rule 23.

30. The damages suffered by each prospective class member are such that individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by Reliable Background's conduct.

31. The prospective class members would find it virtually impossible individually to effectively redress the wrongs done to them because:

a. Consumer reporting cases involving consumer reports furnished for background check/hiring purposes rarely present large damages which would ordinarily attract competent counsels.

b. The cost of litigating fair credit cases within the federal court system would deter many plaintiff's attorneys from assuming the representation of the prospective class members in an individual case in light of the small potential recovery.

c. Few attorneys are qualified to identify, let alone litigate, consumer reporting cases

involving access and use of consumer reports for employment purposes.

d. While cases like these do present the possibility of statutory fee awards, those fee awards only arise in the event of a successful "actual damage" suit or a finding of wilfulness. These heightened burdens of proof for successful recoveries frequently impair the ability of consumer's to find representation for consumer reporting cases.

e. Even if the members of the putative classes could afford such individual litigation, and find competent counsel, the number of suits which would be necessary to remedy the wrongs in this case would represent an unnecessary burden on the Court.

f. Individualized litigation by these class members also presents the potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and the court system.

32. The class action device will result in substantial benefits to the litigants and the Court by allowing the court to resolve numerous individual claims based upon a single set of proof in a single case.

33. The class action mechanism a class action is "superior" to other available methods for fair and efficient adjudication of the controversy under Rule 23.

**COUNT I – Class Claim Under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*.**

34. Mr. Rana incorporates the preceding allegations by reference.

35. Reliable Background violated 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to assure maximum possible accuracy of the information contained in Mr. Rana's and the class members' credit reports.

36. Reliable Background violated 15 U.S.C. § 1681k by failing to notify Mr. Rana and the class members of the adverse public record information contained within the background check at the time it publishes that information to the requesting party.

37. Reliable Background's failure to comply with this requirements constituted a willful violation of the FCRA, 15 U.S.C. § 1681n; alternatively, Reliable Background's failure to comply with this requirement constituted a negligent violation of the FCRA, 15 U.S.C. § 1681o.

38. Mr. Rana suffered damages as a result of this violation of the FCRA.

## Request For Relief

39. For the reasons set forth above, Mr. Rana requests that the Court Grant the following relief:

   a. Actual damages for items including lost wages, lost employment opportunity, emotional distress, mental aguish, frustration, humiliation, and embarrassment for Mr. Rana.

   b. Statutory damages for plaintiff and the class in an amount to be determined at trial.

   c. Punitive damages for plaintiff and the class in an amount to be determined at trial.

   d. Costs and attorney fees provided by statute.

   e. Any other relief the Court deems just.

Respectfully submitted,

/s/Keith J. Keogh
Keith J. Keogh

Keith J. Keogh
Craig M. Shapiro
Timothy J. Sostrin
Keogh Law, Ltd.
101 N. Wacker Drive, Suite 605
Chicago, IL 60606
312-726-1092 (Office)
312-726-1093 (Fax)

## JURY DEMAND

Plaintiff demands trial by jury.

/s/Keith J. Keogh
Keith J. Keogh